J-S20035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :
           v.                  :
                                  :
                                  :
MARQUIS THOMAS           :
                                  :
          Appellant      :    No. 2555 EDA 2022

Appeal from the PCRA Order Entered September 28, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001721-2011

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:           **FILED MAY 16, 2024**

Appellant Marquis Thomas seeks review of the Order dismissing as untimely his request for relief under the Post Conviction Relief Act ("PCRA").[1] Appellant contends the PCRA court erred in dismissing his Petition without a hearing.  After careful review, we affirm.

**A.**

In 2012, a jury convicted Appellant of Robbery and Conspiracy for participating with Corey Johnson in the 2010 robbery of Keith Edmonds in Edmonds' residence.  The court sentenced him on July 17, 2012, to 25 to 50 years' imprisonment.  This Court affirmed the Judgment of Sentence on July

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-46.

15, 2013. *Commonwealth v. Thomas*, 2013 WL 11259082 (Pa. Super. 2013)(unpublished memorandum). Appellant did not seek further review.

Appellant filed his first PCRA petition in 2016, which the PCRA court dismissed without a hearing as untimely, and this Court affirmed. *Commonwealth v. Thomas*, 217 WL 3528789 (Pa. Super. 2017).

On September 7, 2021, Appellant filed the instant petition, his second, claiming that he had newly discovered evidence that supported his claim of innocence and demonstrated prosecutorial misconduct. Appellant annexed to the petition a handwritten statement signed by Keisha Anderson, an eyewitness to the crime who had testified at trial, which Appellant stated she provided to a private investigator on May 5, 2021. In her statement, Ms. Anderson stated, among other things, that she was "recanting the fabricated statement I gave regarding [Appellant]." PCRA Petition, App'x at 1.[2] Appellant cited the PCRA's timeliness exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii) but did not explain what efforts he took to obtain Ms. Anderson's statement in the eight years following his judgment of sentence.

---

[2] In her recanting statement, Ms. Anderson provided a narrative about the extent of Appellant's involvement in the crime that differed from her trial testimony and stated that police investigators told her she "could get in trouble if [she] didn't tell them everything [she] knew, and that that could keep me from getting custody of my daughter." PCRA Petition, App'x at 3. She also stated that the DA's office told her to defy a sequestration order to hear the other eyewitness's testimony "so she would know what to say." *Id*. Further, she stated that the ADA told her that "if [she] cooperated [she] could get full custody of [her] daughter, which did not happen." Lastly, Ms. Anderson alleged that the ADA told her that she "had to say that [Appellant] had a gun and that he would not let [second eyewitness] or me leave the kitchen." *Id*.

The court filed a Pa.R.Crim. P. 907 notice concluding, *inter alia*, that it did not have jurisdiction to address Appellant's untimely petition. Rule 907 Notice, 7/12/11, at 2-4.[3] Appellant responded by quoting 42 Pa.C.S. § 9545(b)(1)(ii), the newly discovered fact exception to the PCRA's timeliness requirements; however, Appellant included no explanation or other analysis to explain how his Petition met this exception, before he concluded that the "the fact that the recantation fell within the newly discovered evidence exception, the [c]ourt would have jurisdiction to address it." Response to Rule 907 Notice, dated 8/30/22, at 3-4 (unpaginated).

On September 28, 2022, the PCRA court dismissed the petition after it acknowledged Appellant's response to the Rule 907 Notice, again concluding, *inter alia*, that the petition is untimely. PCRA Court Order, 9/28/22, at 1.

Appellant timely appealed and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. This Panel filed a Memorandum and Dissenting Statement, which we withdrew after granting the Commonwealth's application for reconsideration. **See** Order, dated Feb. 28, 2023 (granting panel reconsideration after concluding previously-granted *en banc* reargument had been improvidently granted).

We now turn to the appeal anew.

---

[3] Notwithstanding its conclusion that it did not have jurisdiction to address Appellant's untimely petition, the PCRA court opined that Ms. Anderson's recanting statement was not credible and could not meet the after-discovered evidence requirements. **See** Rule 907 Notice, dated 7/12/22, at 2-3.

**B.**

In his appellate brief, Appellant presented the following issues in his "Statement of the Question Presented."

1. Did the lower Court err in not conducting a hearing to test the veracity of Defendant's meritorious claims when Defendant had claims of actual innocence and severe prosecutorial misconduct and denying the PCRA?

2. Is the Defendant entitled to a PCRA relief on allegations of severe prosecutorial misconduct that led to the eventual recantation of witness testimony that was crucial for obtaining a conviction at trial?

Appellant's Br. at 5 (verbatim).

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." ***Commonwealth v. Kelsey***, 206 A.3d 1135, 1139 (Pa. Super. 2019). However, before we review the issues raised on appeal, we must determine whether Appellant's petition satisfies our jurisdictional requirements.

It is well-established that the timeliness of a PCRA petition is jurisdictional; if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005). A PCRA court's finding "with regard to the timeliness of a PCRA petition will not be disturbed unless there is no support for those findings in the certified record." ***Commonwealth v. Williamson***, 21 A.3d 236, 240 (Pa. Super. 2011).

To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's jurisdictional time bar "is constitutionally valid." *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). Here, Appellant's PCRA petition, filed nearly 8 years after his judgment of sentence became final, is patently untimely.

The PCRA also provides, in relevant part, that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition **alleges** and the petitioner proves that . . . (ii) the facts upon which the claim is predicated were unknown to the petitioner **and** could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added). Any petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." *Id*. at § 9545(b)(2).

The mere assertion that a petitioner only recently learned of the existence of newly discovered evidence does not satisfy the Section 9545(b)(1)(ii) timeliness exception. *See generally Commonwealth v.*

- 5 -

***Burton***, 158 A.3d 618, 629 (Pa. 2017) (comparing Section 9545(b)(1)(ii)'s newly discovered fact exception to Section 9543(a)(2)(vi) which pertains to claims of newly discovered exculpatory evidence raised in a *timely* PCRA petition).[4]   Rather, the timeliness exception requires a petitioner "to demonstrate [that] he did not know the facts upon which he based his petition **and** could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown,*** 111 A.3d 171, 176 (Pa. Super. 2015) (emphasis added).  Thus, a petitioner "*must explain* why he could not have learned the new fact(s) earlier with the exercise of due diligence.  This rule is strictly enforced." ***Id***. (internal citation omitted; emphasis added).

"Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). ***See also Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011) (reiterating that "[i]f the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because

_____

[4] The ***Burton*** court reiterated that an after-discovered evidence claim can be addressed only if raised in a PCRA petition that meets the jurisdictional timeliness requirements.  ***See Burton***, 158 A.3d at 629 ("[o]nce jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three exceptions to the PCRA's time-bar) the relevant inquiry becomes whether the claim is cognizable under Section 9543 of the PCRA.") (citation and internal brackets omitted).

Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted).

Finally, it is an appellant's burden to persuade the Superior Court that the PCRA court erred, and that relief is due. *Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013).

In his brief to this Court, Appellant argues that Ms. Anderson's May 2021 statement and the information contained within demonstrates prosecutorial misconduct that supports his claims of actual innocence so the PCRA court should have held a hearing. Appellant's Br. at 9-11. Appellant makes no attempt to acknowledge the PCRA court's finding that it lacked jurisdiction or otherwise explain to this Court how he has met the PCRA's timeliness exception.

Moreover, we agree with the PCRA court that Appellant did not satisfy the Section 9545(b)(1)(ii) timeliness exception. In his PCRA Petition, Appellant submitted the following statement:

> [S]uch evidence could not have been ascertained *at the time of trial* by the exercise of due diligence because the witness's new statement comes forward after revealing the prosecution required the witness to violate the judge's sequestration order [imposed during the preliminary hearing] in order to get custody of her daughter.

PCRA Petition, filed 9/7/21/ at ¶ 16 (emphasis added).

The PCRA's timeliness exception requires a petitioner to plead why he could not have obtained that statement prior to the passage of the eight years following his conviction. Appellant did not do that. Without an explanation as

to how the recantation statement could not have been ascertained sooner by the exercise of due diligence, Appellant's PCRA petition contains only a bald statement that Appellant learned of the existence of the statement. This does not satisfy the requirements necessary to establish the applicability of the Section 9545(b)(ii) exception. *Commonwealth v. Sanchez*, 204 A.3d 524, 526-27 (Pa. Super. 2019).

Because Appellant failed to plead and prove the applicability of one of the PCRA's timeliness exceptions, the PCRA court did not have the authority to address the substantive merits of Appellant's claims, and neither does this Court.

Order affirmed.

Judge Kunselman joins the memorandum.

Judge Colins files a dissenting memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/16/2024